# Richmond

DR. MAURICE SANTURIAN v. ERDMAN COUNTS, GOLDIA M. COUNTS AND T. A. LARGE.

June 21, 1954.

Record No. 4218.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*G. Mark French* and *A. M. Phipps*, for the appellant.

*Greear, Bowen, Mullins & Winston*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

This proceeding was commenced by the filing in the court below of a petition for a declaratory judgment by Erdman Counts, Goldia M. Counts, his wife, and T. A. Large against Dr. Maurice Santurian to construe and interpret the reservation and exception of a portion of the land conveyed by Counts and wife to Santurian by deed dated August 16, 1951. Large was made a party plaintiff upon the allegation that Counts and wife, since their deed to Santurian, had conveyed to Large an interest in the property intended to be reserved and excepted from the conveyance to Santurian.

The pertinent portion of the description of the property conveyed and the language of the exception and reservation in the deed read thus:

" * * * all that certain lot or parcel of land situated in Clintwood, Virginia, and described and known as Lots Number Twelve and Thirteen in the west end of the said town on the north side of Main Street, * * * and being more particularly described as follows:

"All that certain lot or parcel of land lying and being in the town of Clintwood, Dickenson County, Virginia, known and described as Lots Number Twelve and Thirteen as laid out on a map or plat of the town of Clintwood in the west end of the said town on the north side of Main street, and being situated between the residence of Dr. F. H. Yorkoff and an apartment building now owned by the parties of the first part.

"There is, however, excepted and reserved in this conveyance by the parties of the first part that portion of land lying and being situated behind the said apartment house with a line running parallel with the side of the apartment house adjoining the property conveyed by this instrument, and extending with the said parallel line to the Dr. F. H. Yorkoff property."

The attached plat, drawn by Estil Kennedy, a surveyor, and incorporated in the record, will illustrate the contentions of the parties and our disposition of them. The record shows that the circle carrying the initials "E. E. K." indicates the approximate location of the building on the land acquired by Santurian.

The Counts contended that it was the intention of the deed to reserve to the grantors all of the land in the rear of both the front and rear portions of the "Counts Apartments" building, including the "Disputed Area" designated on the Kennedy plat. Santurian contended that it was the intention of the exception and reservation to exclude from the conveyance only the area in the rear of the rear portion of the "Counts Apartments" building and lying between the line A B and High street, as shown on the plat.

In his answer Santurian also contended that upon a strict interpretation of the deed which conveyed to him "Lots Number Twelve and Thirteen" on the designated map of the town, he acquired the entire property owned by Counts and embraced within these lots, including the "Counts Apartments" building. But in his testimony he abandoned that claim and admitted that there had been no intention on his part to buy, and no intention on the part of the Counts to sell him, the apartment building. The testimony of Counts and his wife was to the same effect.

To conform the pleadings to such undisputed evidence the court permitted an amendment to the plaintiffs' petition alleging that the recital of the conveyance of the whole of lots twelve and thirteen was the result of a "mutual mistake" of the parties, and praying that the general description of the property conveyed "be corrected and be construed to read, 'All that portion of Lots Nos. 12 and 13 in the Town of Clintwood, Dickenson County, Virginia, on the north side of Main Street that is situated between the lot formerly belonging to Dr. F. H. Yorkoff and the apartment building now owned by the parties of the first part, subject to the exception hereinafter set forth.' "

Upon a consideration of the evidence taken by the parties by depositions, the lower court entered a decree adjudicating (1) that the deed conveyed to Santurian "those portions of Lots 12 and 13 as laid out on a map or plat of the Town of Clintwood, Virginia, that are situated between the property formerly belonging to Dr. F. H. Yorkoff and the apartment

building then owned by Erdman Counts and Goldia Counts," and (2) "that by virtue of the said deed * * * there was excepted and reserved to the grantors therein, Erdman Counts and Goldia M. Counts, that portion of land lying and being situated behind the entire width of the apartment house and said excepted portion including the disputed area as shown on the plat filed in this cause by Estil Kennedy, surveyor, and said excepted portion being bounded on its southeastern side by a line running with the adjoining side of the front portion of the apartment house, said line then continuing in a straight line in a northeastern direction until it intersects the line of the Yorkoff property."

To review that decree the present appeal has been allowed. The appellant's contentions, as we understand them, are that,

(1) The lower court erred in decreeing that it was the intention of the deed to convey only a portion of lots twelve and thirteen;

(2) The court erred in decreeing that the "Disputed Area," shown on the plat, was excepted and reserved to the grantors in the deed; and

(3) The description in the decree as to what property was intended to be conveyed and what was intended to be excepted and reserved to the grantors is indefinite, ambiguous and confusing.

Little need be said of the appellant's first contention. The particular description, which prevails over the general description (5 Mich. Jur., Deeds, § 74, p. 753), limits the property conveyed to that "situated between the residence of Dr. F. H. Yorkoff and an apartment building now owned by the parties of the first part," and shows that the conveyance of the whole of lots twelve and thirteen and the apartment house thereon was not intended. Moreover, as has been said, both the appellant and the appellees testified that it was not the intention of the deed to convey the apartment building, but only the property lying between it and the Yorkoff line.

We are of the further opinion that the lower court

correctly held, under the evidence adduced, that it was the intention of the deed to reserve to the grantors and to exclude from the property conveyed the "Disputed Area." Both sides agree that the words of the reservation, "that portion of land lying and being situated behind the said apartment house with a line running parallel with the side of the apartment house adjoining the property conveyed by this instrument and extending with the said parallel line to the Dr. F. H. Yorkoff property," are ambiguous on their face. Hence, parol evidence was admissible "to enable the court to make a proper interpretation of the instrument." *Reed* v. *Dent*, 194 Va. 156, 163, 72 S. E. (2d) 255, 259, and authorities there cited.

Counts testified that he went on the property with W. C. Southern, the attorney who wrote the deed, and pointed out to him what area was to be conveyed to Santurian and what was to be excluded from the conveyance. Counts was clear and positive in his testimony that the disputed area was to be excluded because it furnished a necessary outlet to the fire escape leading from the upstairs apartments to the ground. Furthermore, he said, he explained to Santurian that this area was excluded from the conveyance, and why, and that Santurian understood this.

Mrs. Counts testified that she pointed out to Santurian the lines of the property which was to be conveyed, and explained to him that the disputed area was to be excluded because it was necessary for a landing for the fire escape, and that Santurian agreed to this.

Southern testified that acting upon the instructions of Counts he drew the deed with the purpose of excluding the disputed area from the conveyance and undertook to explain why and how the language used in the reservation had the intended effect.

On the other hand, Santurian testified that Mrs. Counts pointed out to him, as the area excluded by the reservation, the small portion of land in the rear of the rear portion of the "Counts Apartments" building and lying between the

line A B and High street, as shown on the Kennedy plat. He further testified that Mrs. Counts had suggested to him that he might use a portion of this reserved area for a driveway leading from High street to the hospital into which he intended to convert the building located on the land which the Counts were conveying to him. He did not deny or confirm, however, the conversations which Counts and his wife testified they had with him with respect to reserving the disputed area as a landing for the fire escape.

The trial court has resolved this conflict of fact, as to the intention of the parties, in favor of the appellees, the Counts, and we think the preponderance of the evidence sustains that finding.

We agree with the appellant that the description in the decree of the land intended to be conveyed and that intended to be reserved to the grantors should be clarified. Accordingly, the decree appealed from will be modified to provide that it was the intent of the deed to convey the following property, subject to the following reservation:

"Those portions of lots twelve and thirteen as laid out on a map of the west end of the town of Clintwood, in Dickenson county, Virginia, and shown on the plat made by Estil Kennedy and filed as 'Complainants' Exhibit E' in this cause, with the buildings and improvements thereon, as are bounded on the northeast by the Yorkoff line, which is also the dividing line between lots eleven and twelve, on the southeast by Main street, on the southwest by Main street, and on the northwest by the southeastern line of the front portion of the 'Counts Apartments' building and the southeastern line of the rear portion of said building and the prolongation of the last-mentioned line to its intersection with the Yorkoff line.

"It is the intention of this conveyance to reserve to the grantors all of the area lying in the rear of the said apartment building, including the strip of land approximately twenty feet in width, designated on the Kennedy plat as 'Disputed Area,' lying in the rear of the front portion of

the said apartment building, and lying between the southeastern line of the rear portion of the said apartment building, the prolongation of such line to its intersection with the Yorkoff line, and the prolongation of the southeastern line of the front portion of the said apartment building to its intersection with the Yorkoff line."

As so modified the decree will be affirmed. The appellees having substantially prevailed on this appeal will recover their costs.

*Modified and affirmed.*