## CIRCUIT COURT OF AMHERST COUNTY

Blue Sky Land
Investments, L.L.C.

v.

Sharon Tucker et al.

September 8, 2009

Case No. CL08007266

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to furnish you with my decision in the above case. In this regard, I rule in favor of the defendants. I find that Blue Sky Land Investments, L.L.C. ("Blue Sky") is not the owner of the 13.285 acres in contention in this case. The reasons for this ruling are set forth below.

By deed dated December 29, 1976, Benjamin D. Tucker and Sharon M. Tucker ("Tuckers") received title of 115 acres, more or less, by gift deed from Sharon Tucker's mother. Pursuant to a Separation and Property Settlement Agreement between the Tuckers, Sharon Tucker received title to the same 115 acres, more or less, by deed dated July 2, 1992, and recorded in Deed Book 643, page 179. Thereafter, the Tuckers entered into a correction deed dated May 4, 1995, conveying to Sharon Tucker 100.14 acres pursuant to a survey by Fred C. Howell, P.L.S., dated January 14, 1987, and revised May 2, 1995.

The correction deed of May 4, 1995, is the deed that creates the controversy in this case. This deed appears to convey only 100.14 acres rather than 115 acres. However, the derivation clause in the deed indicates that it is the same property conveyed by the gift deed from Sharon Tucker's mother dated December 29, 1976, that consisted of 115 acres.

By contract dated June 14, 2005, Sharon Tucker contracted to sell to GMJ Corp. or assigns 100.14 acres "By Survey of 1-14-87." Additionally, Sharon Tucker agreed to sell 2.053 acres "on the opposite side of Rt. 130." The contract also makes reference to Tax Map # 118-A-19, which refers to the 100.14 acres, and to Deed Book 383, page 250, the deed of gift to the Tuckers.

By deed dated July 13, 2005, and recorded in Deed Book 1012, page 129, Sharon Tucker conveyed to Blue Sky 100.14 acres and 2.053 acres as described by the plat of Fred C. Howell dated January 14, 1987, revised May 2, 1995. The derivation clause, however, referred to the Separation and Property Settlement deed dated July 2, 1995, conveying 115 acres, more or less, and the correction deed dated May 4, 1995, conveying 100.14 acres. Apparently, in order to convey the 2.053 acres, Ben D. Tucker also entered into this deed.

As a result of the transactions described above, Blue Sky maintains that it received the entire 115 acres, more or less, originally conveyed to Sharon Tucker pursuant to the separation and property settlement agreement. The defendants maintain that Blue Sky is only legally entitled to the 100.14 acres and 2.053 acres specifically described by the plat of Fred C. Howell incorporated into the deed of sale to Blue Sky dated July 13, 2005.

The primary consideration when construing a deed is "to determine the intention of the parties executing the instrument." *Camp v. Camp*, 220 Va. 595, 597, 260 S.E.2d 243 (1979). The Supreme Court has held that in cases of ambiguity, the deed is to be construed against the grantor. *Phipps v. Leftwich*, 216 Va. 706, 710, 222 S.E.2d 536 (1976). Notwithstanding the rule of construction in favor of the grantee, the paramount requirement is that language be given its obvious meaning in accordance with the intention of the parties at the time the deed was executed. *Elterich v. Leicht Real Estate Co.*, 130 Va. 224, 239, 107 S.E. 735 (1921).

The Supreme Court has further held that, when the description in a deed is ambiguous and uncertain, extrinsic evidence of the surrounding circumstances and the probable motives of the contracting parties at the time of the conveyance is admissible to show intent. *Chesapeake Corp. of Va. v. McCreery*, 216 Va. 33, 37-38, 216 S.E.2d 22 (1975). In the instant case, for the reasons outlined above, the description in the deed is both ambiguous and uncertain due to the variance between the descriptions of the real estate based on the Howell survey and the derivation clause in the deed. Accordingly, the court must look to the surrounding circumstances and probable motives of the parties at the time of the conveyance to ascertain the intent. In this case, the best evidence of intent is the purchase contract dated June 14, 2005. This

contract clearly identifies a 100.14 acres parcel and 2.053 acres parcel as defined by the Howell survey. These exact parcels were set forth in the descriptive clause of the deed dated July 13, 2005, to Blue Sky.

The court recognizes that the contract and the deed to Blue Sky also refer to Deed Book 383, page 250, wherein the 115 acres, more or less, was conveyed to Sharon Tucker. However, the Supreme Court has also held that particular descriptions in deeds prevail over general descriptions. *Santurian v. Counts*, 196 Va. 43, 47, 82 S.E.2d 469 (1954). In this case, the description of the two parcels in the Howell survey and incorporated in the deed to Blue Sky is a particular description that supersedes the general description contained in the derivation clause. Accordingly, under rules of construction, the particular must prevail over the general.